UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Maciorowski, #245911,<br><br>      Plaintiff,<br><br>vs.<br><br>Dr. Andrea Grant; and<br>Dental Assistant Samantha Reid,<br><br>      Defendant(s). | ) C/A No. 9:06-1658-TLW-GCK<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff complains that he was forced to suffer excessive pain and was left with possible nerve damage following a tooth extraction by a dentist at the Ridgeland Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. He names that dentist and the dental assistant who apparently worked with the dentist as Defendants in this case, and seeks an undisclosed amount of "compensation" for "medical malpractice, gross negligent, delection [sic] of duty." Complaint, at 2, 5. The allegations of his Complaint and the contents of the various SCDC institutional grievances attached as exhibits to the Complaint show that Plaintiff was provided with pain medication and antibiotics following the tooth extraction, and that he was also provided with a consultation with an oral surgeon after the extraction. *See* Entry 1.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Correctional systems are required to provide medical care (which term also includes dental care) to inmates, and detention facilities are required to provide medical treatment to detainees. *See* Helling v. McKinney, 509 U.S. 25 (1993). The Helling Court stated,



> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); *see also* Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

With respect to medical care, a prisoner seeking compensation in a § 1983 case such as

this one,[2] "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (emphasis added). In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment *is* discretionary. *See* Brown v. Thompson, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

Under Estelle v. Gamble, 429 U.S. at 105, the failure of the Defendants to give Plaintiff the type and amount of pain medicine he desired or to take Plaintiff to an oral surgeon as quickly as Plaintiff might have desired and any negligence or possible malpractice that might have occurred while attempting to treat Plaintiff's dental problem do not rise to the level of compensable constitutional violations. In Lamb v. Maschner, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a

---

[2] Plaintiff's Complaint is before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

Lamb v. Maschner, 633 F. Supp. at 353; *see* Walker v. Peters, 863 F. Supp. 671 (N.D. Ill.1994)(under Farmer v. Brennan, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

In this case, it is clear from Plaintiff's allegations and from the content of the exhibits to the Complaint that the Ridgeland Correctional Institution's dental/medical staff provided Plaintiff with considerable medical care for his dental problems, both inside the prison and with an outside oral surgeon. In fact, Plaintiff claims that the Defendants' actions in his case only amounted to "medical malpractice, gross negligent, delection [sic] of duty." Complaint, at 2. As a result, no medical indifference has been alleged and no constitutional violation has been shown.

Furthermore, the decision of the Supreme Court of the United States in Farmer v. Brennan, 511 U.S. 825 (1994) does not require that process be issued in this case because, essentially, the allegations in the Complaint show only a disagreement as to the proper type and amount of dental treatment provided and a possible claim of dental/medical malpractice by an one or more members of the institution's medical staff. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *See* Estelle v. Gamble, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983.*See* Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not

4

impose liability for violations of duties of care arising under state law. *See, e.g.*, DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989); Brooks v. Celeste, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); Sellers v. Henman, 41 F. 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990).

As to dental/medical malpractice or negligent medical treatment by an official or employee of SCDC, Plaintiff can seek relief in state court under the South Carolina Tort Claims Act, S.C. Code Ann., § 15-78-10 *et seq.*, because SCDC is an agency, department, or "political subdivision" of the State of South Carolina. *See* S.C. Code Ann., § 15-78-30(a); Browning v. Hartvigsen,414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992). Malpractice actions against non-governmental medical personnel can be pursued under the state's general tort law. *See* Willis v. Wu, 607 S.E.2d 63 (S.C. 2004). Although claims of negligence and medical malpractice are actionable under South Carolina law, they should be brought *only* in state court, and not in federal court, *unless* diversity of citizenship is present. If there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case, it can be heard in this Court pursuant to its diversity jurisdiction. However, it is clear from Plaintiff's Complaint that there is no diversity jurisdiction available in this case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States[.]

5

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). There is no diversity of citizenship in this case because Plaintiff and each Defendant are residents of the State of South Carolina as shown by the allegations in the Complaint. As a result, since Plaintiff has not pled deliberate indifference to his medical needs and since there is no basis for finding diversity jurisdiction under this Complaint, this case is subject to summary dismissal without the issuance of process for Defendants.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

_____
George C. Kosko
United States Magistrate Judge

June 17, 2006
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
